THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TRAVIS T. DORTCH, a/k/a Travis T. Davidson, Defendant-Appellant.

Third District   No. 4—97—0250

Opinion filed March 23, 1999.

Daniel D. Yuhas and Martin J. Ryan (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Albert G. Algren, State's Attorney, of Monmouth (John X. Breslin and

Robert M. Hansen (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOMER delivered the opinion of the court:

The defendant, Travis T. Dortch, appeals from an order of the trial court summarily dismissing his *pro se* petition for postconviction relief. The defendant argues that his petition adequately alleged a meritorious claim based on ineffective assistance of trial and appellate counsel. For reasons that follow, we reverse and remand for further proceedings.

The record shows that on July 28, 1993, the defendant was taken into custody and charged in a three-count information with home invasion, unlawful possession of a weapon by a felon and aggravated criminal sexual assault (720 ILCS 5/12—11(a)(2), 24—1.1(a), 12—14(a)(1) (West 1992)). More than 120 days later, the State filed an additional count of aggravated criminal sexual assault based on allegations arising out of the same incident. The initial count of aggravated criminal sexual assault alleged penile penetration of the victim. The additional count, amended count IV, alleged oral contact with the victim's vagina. Trial counsel unsuccessfully moved for a continuance to prepare for trial on the additional count, but he failed to move for a speedy trial discharge from that count.

Following a jury trial, the defendant was convicted of all four counts. He was sentenced to three consecutive 25-year prison terms for home invasion and the two sex offenses and to a 5-year concurrent term for unlawful possession of a weapon. The sole issue raised on direct appeal was whether the trial court abused its discretion in admitting evidence of a prior conviction for criminal sexual assault. This court affirmed the defendant's convictions. *People v. Dortch*, 277 Ill. App. 3d 1122 (1996) (unpublished order under Supreme Court Rule 23).

The defendant subsequently filed his petition for postconviction relief in which he raised numerous issues including, *inter alia*, that his constitutional rights were violated by (1) the prosecutor's delay in filing the additional count of aggravated criminal sexual assault, and (2) ineffective assistance of trial and appellate counsel. The trial court dismissed the petition as frivolous and patently without merit (725 ILCS 5/122—2.1(a)(2) (West 1996)).

On appeal, the defendant contends that the trial court should have appointed counsel and docketed the case for further proceedings because he adequately stated claims based on ineffective assistance of trial and appellate counsel. Specifically, the defendant argues that counsel was ineffective for failure to obtain a speedy trial dismissal of

the additional count of aggravated criminal sexual assault. *See People v. Stanley*, 266 Ill. App. 3d 307, 641 N.E.2d 1224 (1994). The State initially contends that the defendant waived his argument by failing to advance it more precisely in his *pro se* petition.

■ The Post-Conviction Hearing Act (the Act) provides a collateral remedy in three stages for defendants claiming substantial violations of their constitutional rights. 725 ILCS 5/122—1 *et seq.* (West 1996); *People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991). To survive dismissal at the first stage, a *pro se* petition need only contain a simple statement which presents the gist of a meritorious constitutional claim. *People v. Jones*, 168 Ill. App. 3d 925, 522 N.E.2d 1325 (1988); *People v. Dredge*, 148 Ill. App. 3d 911, 500 N.E.2d 445 (1986). If it does not, the petition should be summarily dismissed. 725 ILCS 5/122—2.1(a)(2) (West 1996). If such a statement has been advanced, counsel should be appointed and given an opportunity to amend the petition, and the cause must be docketed for further consideration. 725 ILCS 5/122—4, 122—5 (West 1996). On appeal from a first-stage dismissal, this court applies a plenary standard of review. *People v. Coleman*, 183 Ill. 2d 366 (1998).

■ The defendant's petition in this case contained allegations of ineffective assistance of both trial and appellate counsel and prejudice resulting from the prosecutor's delay in charging a second count of aggravated criminal sexual assault. Although the defendant did not specifically claim a speedy trial violation, the petition sufficiently stated facts upon which a claim of ineffective assistance for failure to move for a speedy trial discharge *could* be based. See *People v. Lemons*, 242 Ill. App. 3d 941, 613 N.E.2d 1234 (1993); *Stanley*, 266 Ill. App. 3d 307, 641 N.E.2d 1224. Therefore, given the low standard that a *pro se* defendant must meet in order to proceed beyond the first stage review of his petition, we reject the State's waiver argument.

■ In the alternative, the State contends that the defendant was not prejudiced by counsel's alleged incompetence. We disagree. Lack of prejudice may not be presumed where, absent counsel's alleged ineffective assistance, the probable result of the proceedings would have been different. See, *e.g., People v. Alcazar*, 173 Ill. App. 3d 344, 527 N.E.2d 325 (1988); *Stanley*, 266 Ill. App. 3d 307, 641 N.E.2d 1224.

In *Stanley*, this court considered a case on analogous facts. Stanley was originally charged with one count of aggravated criminal sexual assault. Two weeks before trial, an amended information charged four additional counts of aggravated criminal sexual assault and abuse based on the same incident that gave rise to the original charge. The defendant appealed the denial of his postconviction petition asserting, as in the instant case, that his trial counsel was ineffective for failing

to move for a speedy trial discharge on the additional charges and that his appellate counsel was ineffective for failing to raise the issue on direct appeal. The State did not dispute that the prosecutor knew of the facts underlying the late charges when the original charge was brought. *Stanley*, 266 Ill. App. 3d at 310, 641 N.E.2d at 1227. This court noted that pretrial continuances requested by a defendant with respect to an original charge could not be attributed to him with respect to charges brought on the eve of trial. *Stanley*, 266 Ill. App. 3d at 309-10, 641 N.E.2d at 1226, quoting *People v. Williams*, 94 Ill. App. 3d 241, 418 N.E.2d 840 (1981); see also *People v. Quigley*, 183 Ill. 2d 1, 13, 697 N.E.2d 735, 741 (1998) (citing *Williams* and *Stanley* with approval). The defendant in *Stanley* was not chargeable with any further delays, and the trial commenced 125 days after the defendant was taken into custody. On these facts, this court ruled that trial counsel's failure to move for a speedy trial discharge and appellate counsel's failure to raise an issue of ineffective assistance of trial counsel were actual incompetence under *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Accordingly, this court held that the defendant was entitled to postconviction relief. *Stanley*, 266 Ill. App. 3d 307, 641 N.E.2d 1224.

■ In the instant case, the defendant does not contend that his right to a speedy trial was violated with respect to the original three counts. However, he does maintain that his right to a speedy trial was violated with respect to amended count IV, which was filed more than 120 days after he was taken into custody. It is the defendant's contention that the additional count arose out of the same incident that gave rise to the filing of the original charges and, further, that the factual basis for amended count IV was known to the State at the time the original charges were filed. Nevertheless, the State failed to file the additional count until 130 days after the defendant was taken into custody. Applying *Williams* and *Stanley*, we cannot say, on the basis of the defendant's contentions and the record before us, that the defendant was not prejudiced by his trial counsel's failure to move for a dismissal of the late-filed charge or by appellate counsel's failure to raise the issue in his direct appeal. See *Alcazar*, 173 Ill. App. 3d 344, 527 N.E.2d 325. Therefore, we determine that the defendant has set forth the gist of a meritorious claim that his trial and appellate counsel were ineffective for failing to raise a speedy trial issue with respect to the second count of aggravated criminal sexual assault.

As a final argument, the State contends that *Stanley* should be overturned. The State urges this court to adopt the reasoning of *another* district of the Illinois Appellate Court, in which the rationale of the *Williams-Stanley* line of cases was recently rejected. See *People v.*

*Gooden*, 296 Ill. App. 3d 205, 694 N.E.2d 215 (5th Dist. 1998) (holding that continuances obtained by defendant in connection with original home invasion charge were attributable to later-filed aggravated criminal sexual assault charges which arose out of same set of facts). We respectfully decline the State's invitation.

*Stanley* was decided on the basis of sound precedent and need not be overruled simply because another district of the appellate court has departed from its rationale. See *People v. Ladd*, 294 Ill. App. 3d 928, 691 N.E.2d 896 (1998). Moreover, the factual basis for the State's delay in filing the subsequent charges in *Gooden* is inapposite to that in *Stanley*. The State in *Gooden* awaited the results of DNA testing substantiating the sex offense allegations before filing the additional counts. *Gooden*, 296 Ill. App. 3d at 210, 694 N.E.2d at 219. Under the facts of *Gooden*, the State presumably could have requested a trial delay of up to an additional 120 days in order to obtain the results of the DNA testing. See 725 ILCS 5/103—5(c) (West 1996). By contrast, the record in the instant case, like in *Stanley*, does not reveal a comparable justification for the delay in bringing the defendant to trial on the State's late-filed charges.

For the foregoing reasons, we hold that the trial court erred in summarily dismissing the defendant's *pro se* postconviction petition. Accordingly, we reverse and remand this cause for appointment of counsel and for further proceedings pursuant to the provisions of sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 1996)).

Reversed and remanded with directions.

HOLDRIDGE, P.J., and LYTTON, J., concur.