THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEROLD STANLEY, Defendant-Appellant.

Third District    No. 3—92—0917

Opinion filed September 9, 1994.

Dan W. Evers, of State Appellate Defender's Office, of Mount Vernon, for appellant.

William Poncin, State's Attorney, of Macomb (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Defendant, Jerold Stanley, appeals from the denial of his petition for post-conviction relief. The primary issue before us is whether trial counsel was constitutionally ineffective for failing to move for a dismissal of charges on statutory speedy trial grounds. For reasons that follow, we reverse and remand this cause for a new trial.

The record on appeal establishes that defendant and his wife, Kathleen, were taken into custody on May 13, 1987, on a joint charge of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14(b)(1)) allegedly committed on or about May 13, 1986. The cause was thereafter continued on several occasions on motion of defendant and his wife. On August 31, 1987, the State amended its information to charge defendant individually with three counts of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(b)). Defendant's motions for a continuance to prepare for trial on the new charges were denied.

On September 14, 1987, 125 days after having been taken into custody, defendant was tried by a jury and found guilty on all five counts of the amended information. He was subsequently sentenced to serve a 25-year term of imprisonment on count I for aggravated criminal sexual assault. On direct appeal, this court affirmed defendant's conviction. *People v. Stanley* (3d Dist. 1988), No. 3—87—0777 (unpublished order under Supreme Court Rule 23).

Defendant thereafter filed a five-paragraph *pro se* petition for post-conviction relief alleging ineffective assistance of trial counsel for: (1) failing to move for a discharge under the speedy trial act (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a)); (2) failing to move for a dismissal of charges on the basis of violations of the statute of limitations; (3) failing to object to an improper jury instruction; (4) failing to provide the State with timely notice of the name of a vital witness; and (5) failing to move for dismissal of charges committed before the enactment of the statute allegedly violated.

The court appointed counsel and docketed the petition for further consideration of the allegation in paragraph 1 pursuant to section 122—4 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—4). In all other respects, the court dismissed the petition as patently without merit. After an evidentiary hearing on the speedy trial issue, the court denied defendant's petition. This appeal followed.

Defendant argues that the trial court erred in denying his post-conviction petition because trial counsel was ineffective for failing to move for a speedy trial discharge, and that appellate counsel was ineffective to the extent that counsel failed to raise the issue on direct appeal. The State contends that the issue has been waived. In the alternative, the State suggests that the trial court properly concluded that the State's August 31, 1987, amendment to the charging instrument was merely a technical correction. Having duly considered the parties' arguments, we agree with defendant that the trial court erred in denying post-conviction relief.

By statute, a defendant is entitled to be tried within 120 days from the date he was taken into custody unless his own acts occasion delay. (Ill. Rev. Stat. 1985, ch. 38, par. 103—5(a).) The rule for determining the number of speedy trial days attributable to the State when new and additional charges are brought against a previously charged defendant was stated in *People v. Williams* (1981), 94 Ill. App. 3d 241, 248-49, 418 N.E.2d 840, 846:

> "Where new and additional charges arise from the same facts as did the original charges and the State had knowledge of these facts at the commencement of the prosecution, the time within

which trial is to begin on the new and additional charges is subject to the same statutory limitation that is applied to the original charges. Continuances obtained in connection with the trial of the original charges cannot be attributed to defendants with respect to the new and additional charges because these new and additional charges were not before the court when those continuances were obtained."

Counsel's failure to move for a speedy trial discharge of new and additional charges may constitute ineffective assistance of counsel. *People v. Alcazar* (1988), 173 Ill. App. 3d 344, 527 N.E.2d 325; *People v. Hawkins* (1991), 212 Ill. App. 3d 973, 571 N.E.2d 1049.

In this case, defendant was originally charged with one count of aggravated criminal sexual assault, a Class X felony. The charging instrument recited that on or about May 13, 1986, defendant and his wife, age 17 or older,

"committed an act of sexual penetration with [J.W.] who was under 13 years of age ***, in that [defendant] placed his penis in contact with [J.W.'s] vagina while Kathleen J. Stanley held [J.W.'s] legs apart."

The State's five-count amended information of August 31, 1987, alleges in count I that on or about May 13, 1986, defendant committed aggravated criminal sexual assault in that he

"committed an act of sexual penetration *** in that [he] placed his sex organ in contact with [J.W.'s] mouth."

Count II recites that defendant committed aggravated criminal sexual assault on or about May 13, 1986, in that he

"committed an act of sexual penetration *** in that [he] placed his mouth in contact with the sex organ of [J.W.]"

Count III recites that defendant committed aggravated criminal sexual assault on or about May 13, 1986, in that he

"committed an act of sexual penetration *** in that [he] placed his sex organ in contact with the sex organ of [J.W.]"

Counts IV and V charge aggravated criminal sexual abuse, a Class 2 felony, alleged to have been committed on the same date.

The State does not seriously dispute that the prosecutor knew of the facts underlying the charges in counts I, II, IV and V on May 13, 1987, when defendant and his wife were taken into custody on the original charge, and that those additional charges arose from the same facts as the original charge. Nor can it be seriously argued that the various acts alleged in those counts do not constitute "new and additional" charges. (*Cf. People v. Glass* (1992), 232 Ill. App. 3d 136, 597 N.E.2d 660 (amendment to delete the word "fists" from charging instrument deemed correction of formal defect because it did not change or broaden scope of offense charged).) We agree with the

State that count III essentially duplicated the original information alleging an act of sexual intercourse, and defendant's trial on that count was not in violation of the speedy trial statute. However, it is clear to us that the charges of fellatio, cunnilingus and criminal sexual abuse in the amended information were new and additional charges subject to the *Williams* rule.

■ Applying the rule and attributing all pre-amendment delay to the State, we find that the new charges in the August 31, 1987, information were brought on the 111th day of the speedy trial period. No delay thereafter was occasioned by defendant. Thus, we find that defendant's trial on September 14, 1987, the 125th day after he was taken into custody on the original charge, violated the speedy trial statute with respect to counts I, II, IV and V.

Defendant argues that his right to a speedy trial discharge was not waived by trial counsel's failure to so move in the trial court or by appellate counsel's failure to raise the issue on direct appeal. We agree.

An issue not properly preserved in the trial court may nonetheless be reviewable if the failure to bring the matter to the attention of the trial court is not merely an error of judgment or a matter of trial strategy. If counsel's failure to move for a speedy trial discharge is the result of actual incompetence on the attorney's part and results in prejudice to the defense, defendant is entitled to a new trial. See *Hawkins*, 212 Ill. App. 3d at 982, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052; *People v. Staton* (1987), 154 Ill. App. 3d 230, 507 N.E.2d 62.

■ In this case, counsel's error resulted in forcing defendant to proceed to trial on four new charges with a mere two weeks to prepare. We can conceive of no rational trial strategy that would justify counsel's failure to move for a discharge with respect to those charges. We believe it reasonably probable that the outcome of a jury trial on multiple counts would be different from a trial on a single count, particularly given the nature of the acts alleged in this case. Accordingly, we find that counsel's error was sufficiently grave as to deprive defendant of his constitutional right to a fair trial. We further find that the speedy trial issue was not waived by appellate counsel's failure to raise it on defendant's direct appeal. Counsel's oversight on appeal obviously prejudiced the defense and must be deemed ineffective assistance as well.

Having so found, we reject the State's suggestion to remand this cause solely for resentencing on count III. We agree that defendant's trial on that count was within the statutory time period, and it is not clear from the record on appeal why the trial court chose to sentence

defendant on count I. However, a new sentencing hearing is not an adequate form of relief. Defendant's trial on count III was unfairly tainted by counsel's deficient performance in failing to obtain a discharge of multiple new and additional charges brought late in the speedy trial period. Accordingly, defendant is entitled to a new trial on count III.

In sum, we hold that the trial court erred in denying defendant's post-conviction petition claiming ineffective assistance of counsel. We reverse the judgment of the circuit court of McDonough County denying defendant's petition. Further, we vacate defendant's conviction, and we remand this cause for a new trial.

Reversed and remanded.

McCUSKEY and LYTTON, JJ., concur.