754 So.2d 486 (1999)
Walter L. McVEAY a/k/a Walter Lawrence McVeay, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-CA-00644-COA.
Court of Appeals of Mississippi.
August 17, 1999.
*487 Briley Richmond, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Walter McVeay pled guilty to the crime of possession of a controlled substance. The indictment charged McVeay with being a habitual offender under Section 99-19-81 of the Mississippi Code as well as being susceptible to having his sentence doubled under Section 41-29-147, a section that provides harsher sentencing for repeat offenders of the controlled substance laws. Pursuant to a recommendation made by the State and accepted by the trial court, McVeay was sentenced to a term of fifteen years without eligibility for parole.
¶ 2. McVeay filed a post conviction relief motion with the trial court, which was denied without a hearing. McVeay appeals that ruling, claiming that he had not pled to the double sentence or habitual offender portions of the statute, so that he had been improperly sentenced. He also asserts that both his constitutional and statutory rights to a speedy trial were violated. McVeay further charges that he was improperly subjected to double jeopardy because of a previous civil forfeiture action growing out of the same alleged offense. Alternatively, he claims that, to the extent his guilty plea may have served as a waiver of his speedy trial and double jeopardy claims, he received ineffective assistance of counsel because his attorney failed to advise him of the violations prior to his decision to enter a guilty plea to the charges.
*488 ¶ 3. We conclude that the trial court erred in denying McVeay's motion without a hearing on the issue of competency of counsel in the matter of a potential speedy trial claim, and we reverse and remand for further proceeding consistent with this opinion. We determine all other issues raised to be without merit. McVeay's brief suggests he is raising six separate issues. We have recast them into the five we will now proceed to discuss.

I.

The First Issue: McVeay's Plea
¶ 4. McVeay suggests that he was subjected to a three count indictment, in which the three counts consisted of (a) the charge of possession of a controlled substance, (b) a charge that McVeay had a previous drug-related conviction that would invoke the double penalty of Section 41-29-147, and (c) that McVeay had two prior felony convictions that brought into play the mandatory sentencing provisions of Section 99-19-81. He further argues that he only pled guilty to the first count; namely, the possession charge, thus making him eligible for parole and not subject to having his sentence doubled. McVeay claims that the effect of the inapplicability of the doubling provisions of Section 41-29-147 is that his proper sentence should have been one-half what he was actually sentenced to serve, or seven and one-half years. He also claims that he should be eligible for parole since he did not plead to the habitual offender count.
¶ 5. McVeay's argument is without merit. Provisions regarding enhanced sentencing or habitual offender status based on prior convictions are not separate elements of the crime charged, much less separate and distinct crimes. See Gray v. State, 605 So.2d 791, 793 (Miss.1992). Such allegations contained in an indictment merely permit the possibility of more severe punishment if their applicability is proven to the satisfaction of the trial court after the underlying question of guilt of the crime itself has been resolved.
¶ 6. McVeay was thus not required to plead guilty to having a prior drug conviction or to having two previous felony convictions. He was entitled to be fully informed that such an assertion had been made against him. Presumably, if he denied the existence of such convictions, it would be impossible, even by agreement of all concerned, to subject him to a sentence that was based in any way on the habitual offender statute. See Lanier v. State, 635 So.2d 813, 816 (Miss.1994). However, in this case, the record of the plea hearing indicates that McVeay conceded the existence of the previous convictions and that he understood the consequences of that concession on possible sentencing.

II.

The Second Issue: Denial of His Right to Speedy Trial
¶ 7. By entering a voluntary plea of guilty, McVeay waived any claim that he might have had to relief based on an assertion that his right to a speedy trial was violated. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991).

III.

The Third Issue: Double Jeopardy
¶ 8. McVeay claims that, because certain property belonging to him had been the subject of a civil forfeiture action based on the same alleged facts that support this criminal charge, this prosecution subjected him to an unconstitutional double jeopardy. That issue has been definitively resolved against McVeay by the United States Supreme Court case of United States v. Ursery, 518 U.S. 267, 292, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996).

IV.

The Fourth Issue: Defective Indictment
¶ 9. McVeay claims that the portion of the indictment charging him as a habitual *489 offender and alleging a previous controlled substance conviction were defective in that they were not followed by the language "against the peace and dignity of the State of Mississippi." Such a defect, even if shown to exist, is one of form only and not of substance. Brandau v. State, 662 So.2d 1051, 1055 (Miss.1995). It is, therefore, waived by the entry of a guilty plea. Foster v. State, 716 So.2d 538 (¶ 5) (Miss.1998).

V.

The Fifth Issue: Ineffective Assistance of Counsel
¶ 10. As an alternative argument related to his speedy trial claim, McVeay argues that, to the extent he waived his speedy trial claim by pleading guilty, he received ineffective assistance of counsel because of his attorney's failure to advise him that he had a winnable motion to dismiss of which he was unaware when he agreed to plead guilty. An ineffective assistance of counsel claim invokes two fundamental considerations. First, it must be shown that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Secondly, it must be shown that counsel's substandard performance prejudiced the defense. Id. The standard for showing prejudice is that, it must be shown that, but for counsel's performance, the outcome of the proceeding would probably have been different. Id. at 695, 104 S.Ct. 2052.
¶ 11. In this case, McVeay claims that he had an iron-clad constitutional speedy trial challenge because over 424 days passed from the time of his arrest to the date of his plea and none of that time was chargeable to him because he neither asked for nor assented to any delays in bringing him to trial. The first issue to be resolved is whether a defense attorney's failure to counsel his client regarding the availability of this potential speedy trial bar to prosecution would constitute ineffective assistance. We determine that it would. "If counsel's failure to move for a speedy trial discharge is the result of actual incompetence on the attorney's part and results in prejudice to the defense, defendant is entitled to a new trial." People v. Stanley, 266 Ill.App.3d 307, 204 Ill.Dec. 605, 641 N.E.2d 1224, 1227 (1994). In a case involving a Mississippi prisoner, the Fifth Circuit held that an issue of ineffective assistance of counsel existed where the defendant had pled guilty after being told by defense counsel that there was no legitimate purpose in pursuing a speedy trial claim because the defendant had failed to affirmatively assert his right to be tried promptly. Nelson v. Hargett, 989 F.2d 847 (5th Cir.1993). However, Nelson alleged that he had timely asserted his speedy trial right and that it had been denied by the Lowndes County Circuit Court, but apparently, that order did not, for unexplained reasons, appear in the court file. Nevertheless, Nelson claimed that his sister was able to locate a copy of the order at the court house and, had his counsel investigated the matter with some diligence, he, too, would have uncovered the order. Id. at 850-51. Though the Fifth Circuit agreed with the district court that, by pleading guilty, Nelson had waived his speedy trial claim, the court nevertheless reversed for an evidentiary hearing on the question of whether Nelson was "prejudiced by his counsel's allegedly deficient performance, especially with regard to [the attorney's] apparent failure to pursue his speedy trial claim." Id. at 854.
¶ 12. In the case now before us, we note the rule in Mississippi that a delay of more than eight months from arrest to trial is presumptively prejudicial under constitutional considerations. Jenkins v. State, 607 So.2d 1137, 1138-39 (Miss.1992); Smith v. State, 550 So.2d 406, 408 (Miss. 1989). Thus, we must conclude that the delay in bringing McVeay to trial was, on its face, presumptively violative of his Sixth Amendment right to a speedy trial. What we cannot determine on this record is whether, despite McVeay's assertions to *490 the contrary, some part of that time would not be charged against the State for some legally recognized reason. Neither can we determine whether there were other considerations not apparent on the face of the record that would tend to show that a speedy trial claim was likely to fail or was otherwise strategically inadvisable. On the other hand, we simply cannot say with any certainty that counseling McVeay to plead guilty without first pursuing the possibility that a speedy trial claim could be successfully asserted, thereby relieving McVeay of any criminal jeopardy, was not an act of incompetence on counsel's part that worked to McVeay's substantial prejudice.
¶ 13. We, therefore, conclude that the trial court erred in denying McVeay's post conviction relief motion on this issue without a hearing and we remand for an appropriate evidentiary inquiry into the circumstances under which the decision was made for McVeay to enter a plea of guilty without first testing the constitutional waters of a speedy trial claim.
¶ 14. In so doing, we feel compelled to observe that a rather tricky path may lie before both the trial court and the defendant, McVeay. The standard for post conviction relief is to show that, but for counsel's poor performance, there was a reasonable probability that his speedy trial claim would be successful. There is no requirement that he demonstrate with absolute certainty that the claim would succeed. Therefore, the possibility exists that McVeay might prevail in obtaining post-conviction relief, but this would only guarantee him the right to withdraw his guilty plea and then directly pursue a speedy trial claim, the success of which might be foreshadowed, but not be absolutely guaranteed, by the outcome of the post-conviction relief hearing. The ultimate result of the process could conceivably be that McVeay's plea would be withdrawn, his speedy trial claim subsequently be denied, and he be subjected to a trial on the merits, for which, upon conviction, the mandatory sentence would be sixty years without possibility of parole.
¶ 15. Nevertheless, McVeay's willingness to expose himself to this risk is not a matter for decision by this Court, but is appropriately a matter to be decided by McVeay himself, with the advice of competent counsel should he desire it.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER APPELLANT'S DEFENSE COUNSEL'S PERFORMANCE IN ALLEGEDLY FAILING TO ADVISE APPELLANT CONCERNING POSSIBLE VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL WAS SO DEFICIENT AS TO ENTITLE APPELLANT TO WITHDRAW HIS PLEA OF GUILTY AND PROCEED APPROPRIATELY WITH A DEFENSE TO THE MERITS OF THE INDICTMENT. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.
KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, AND PAYNE, JJ., CONCUR.
BRIDGES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND THOMAS, JJ.
MOORE, J., NOT PARTICIPATING.
BRIDGES, J., DISSENTING:
¶ 17. While I concur with the majority affirming the first four issues, I respectively dissent as to the majority's opinion reversing and remanding this case for an evidentiary hearing to determine whether defense counsel's failure to raise a speedy trial challenge prior to advising McVeay to plead guilty denied McVeay effective assistance of counsel thus rendering McVeay's guilty plea involuntary. The majority would remand for an evidentiary hearing regarding McVeay's ineffective assistance *491 of counsel claim in the absence of any findings of fact by the circuit judge that a speedy trial claim would have clearly failed. Such is not required by statute or case law.
¶ 18. Under Miss.Code Ann. § 99-39-11 (Supp.1998), the judge may summarily dismiss a post conviction relief motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Specific findings of fact and conclusions of law, relating to each issue presented in the post conviction relief petition, must be made by the court if an evidentiary hearing is required. Miss.Code Ann. § 99-39-23(5) (Supp.1998). After considering the complete record, including the transcript of the plea hearing, the circuit judge concluded that there was no basis to McVeay's allegations and determined that there was no need for an evidentiary hearing. Consequently, the circuit judge did not abuse its discretion when it summarily dismissed McVeay's motion.
¶ 19. The circuit judge's conclusion that McVeay's claim of ineffective assistance of counsel is without merit is supported by the record.
3/9/95 McVeay arrested
7/11/95 McVeay indicted
8/1/95 Capias issued
11/30/95 Motion for discovery filed by McVeay
12/15/95 Trial set for 1/29/96
1/16/96 Motion for continuance filed by
 McVeay on bases that written portions
 of discovery presented to
 McVeay on 1/12/96 and videotaped
 and tape recorded portions of discovery
 were submitted to McVeay after
 1/16/96
1/16/96 Motion for change of venue filed by
 McVeay
1/30/96 Agreed order of continuance
3/27/96 Trial reset for 5/6/96
4/18/96 Hearing set for 4/23/96 on State's
 motion in limine to permit introduction
 into evidence of all wiretap tapes
5/2/96 McVeay filed motion to suppress and
 motion in limine
5/2/96 State's response to McVeay's motion
 to suppress and motion in limine filed
5/6/96 McVeay filed motion to dismiss alleging
 district attorney's press conferences
 violated Rule 4.01 of the Miss.
 Rules of Crim. Procedures and violated
 his right to a fair trial, effective
 assistance of counsel and due process
 of law, and requested all charges be
 dismissed and that he be released
 from incarceration.
5/6/96 McVeay moved for a continuance on
 bases that actual tape recordings,
 videotape evidence and additional
 transcripts were not presented to defense
 until two weeks prior to trial
 (received typed transcripts of the
 tape recordings on 3/27/96) and State
 did not notify defendant which tape
 recorded conversations would be used
 until 3:00 p.m. on 5/3/96. McVeay
 maintained that the State's actions in
 the discovery process denied McVeay
 his right to a fair trial, effective assistance
 of counsel, and due process of
 law.
5/6/96 Counsel announced in open court that
 a plea bargain agreement reached.
5/6/96 McVeay withdrew guilty plea and entered
 petition to plead guilty; court
 accepted guilty plea and sentenced
 McVeay to fifteen years as a habitual
 offender.
¶ 20. The right to a speedy trial is one of the constitutional rights waived when a defendant pleads guilty. Anderson v. State, 577 So.2d 390, 392 (Miss.1991). McVeay's sworn petition to plead guilty enumerated the constitutional rights which would be waived if the guilty plea was accepted by the court. At the plea hearing, McVeay affirmed that he understood he was waiving the right to a jury trial by pleading guilty. Because his voluntary guilty plea precludes review of his speedy trial claim on the merits, Nelson v. Hargett, 989 F.2d 847 (5th Cir.1993), McVeay attempts to assert his right to a speedy trial by characterizing it as an ineffective assistance of counsel claim which is not waived by a guilty plea.
¶ 21. When evaluating an ineffective assistance of counsel claim, this Court employs the standard of review set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Eakes v. State, 665 So.2d 852, 872 (Miss.1995). In order to successfully establish such a claim, a defendant must prove that the performance of his attorney was deficient, and the deficiency was so substantial as to deprive the defendant of a fair trial. Id. Furthermore, the attorney's *492 performance must be considered under a totality of the circumstances. Taylor v. State, 682 So.2d 359, 363 (Miss.1996). "There is a strong, yet rebuttable, presumption that the actions by the defense counsel were reasonable and strategic." Id. "Only where there is a reasonable probability that without counsel's error, the outcome of the trial would have been different, will this Court find ineffective representation." Eakes, 665 So.2d at 873.
¶ 22. A review of the record in the case sub judice reveals that there is no merit to McVeay's claim that he received ineffective assistance of counsel. McVeay faced a maximum sixty year sentence as a habitual offender if found guilty of possessing a controlled substance with intent to distribute. Defense counsel vigorously represented McVeay, moving the court for a change of venue due to pretrial publicity and for a continuance of the January 29, 1996 trial date because of alleged discovery violations by the State. The parties agreed to continue the trial until May 6, 1996. A motion to suppress and motion in limine were also filed on McVeay's behalf to exclude any wire, oral, or other communications and/or contents of communications obtained by the State via a February 15, 1995 order. On the day of trial, a motion for continuance and a motion to dismiss were filed by defense counsel alleging McVeay's right to a fair trial, effective assistance of counsel and due process of law were denied due to the State's actions in the discovery process. Ultimately, a plea bargain agreement was negotiated in which McVeay agreed to plead guilty in exchange for the State's recommendation that McVeay be sentenced to a term of fifteen years. During the plea colloquy, the circuit judge found McVeay knowingly, intelligently and voluntarily entered his guilty plea. Moreover, McVeay's declaration that he was satisfied with the services of his lawyers is presumptiously true. "Solemn declarations in open court carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss. 1978) (quoting Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).
¶ 23. There is simply no evidence that defense counsel was deficient in their representation or that McVeay was prejudiced as a result of such deficiency. Accordingly, I respectfully dissent as to issue five only and would affirm the judgment of the lower court summarily denying McVeay post conviction collateral relief.
LEE AND THOMAS, JJ., JOIN THIS SEPARATE OPINION.