CHANDLER, J.,
for the court.
¶ 1. James Earl Robinson filed a motion for post-conviction relief (PCR) that was dismissed by the Circuit Court of Washington County. Aggrieved, Robinson has appealed. He argues that he received ineffective assistance of counsel, that he was denied the right to counsel, and that the trial court failed to transmit the designated record to this Court.
¶ 2. Finding error, we reverse and remand for an evidentiary hearing on the issue of competency of counsel in the matter of Robinson’s potential speedy trial claim. We find that Robinson’s other issues are without merit.
FACTS
¶ 3. On November 18, 1997, Robinson was indicted for burglary and rape. Robinson agreed to plead guilty to the rape charge, and the burglary charge was dismissed in exchange for the plea. The circuit court accepted the plea and sentenced Robinson to serve fifteen years in the custody of the Mississippi Department of Corrections.
LAW AND ANALYSIS
I. DID ROBINSON RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Robinson cites five alleged errors that his appointed counsel made at the plea hearing. He argues that these errors constitute ineffective assistance of counsel. This Court applies the two-part test from Strickland v. Washington to a claim for reversal of a guilty plea. Harris v. State, 806 So.2d 1127, 1130 (¶ 10) (Miss.2002) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under Strickland, Robinson bears the burden of proof to show (1) that counsel’s performance was deficient, and (2) that the deficiency prejudiced Robinson. Leather-wood v. State, 473 So.2d 964, 968 (Miss.1985). There is a strong but rebuttable presumption that counsel’s performance “falls within a broad range of reasonable professional assistance.” McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Timing of the indictment
¶ 5. Robinson argues that counsel was ineffective for failure to object to the timing of the indictment. Robinson was arrested on September 15, 1997, and indicted on November 18, 1997. Robinson argues that, pursuant to section 3161(b) of the Speedy Trial Act, 18 U.S.C. § 3161, the State was required to file the indictment within thirty days from the date of his arrest, or to obtain an extension. Robinson argues that he was prejudiced by counsel’s failure to object because, had counsel objected, the case would have been dismissed.
¶ 6. Robinson’s argument is without merit. The Speedy Trial Act applies only *1012 to federal arrests. U.S. v. Wilson, 657 F.2d 755, 767 (5th Cir.1981). Robinson was arrested and charged by the State of Mississippi and, therefore, the Speedy Trial Act is wholly inapplicable to his arrest. Id. There was no thirty day requirement and no basis for an objection by counsel.

Advising Robinson to plead guilty

¶ 7. Robinson argues that the State never presented the evidence it would use at trial, and, therefore counsel was ineffective in advising Robinson to plead guilty. At the plea hearing, the prosecutor stated that “the evidence in Count Two would show that the defendant ... broke into the home of [L.W.]. He broke into the door, struck [L.W.] and raped her.” Robinson disagreed that he struck L.W., but agreed with the rest of the statement. Robinson now argues that the prosecutor’s statement was insufficient evidence for the court to accept his guilty plea.
¶ 8. A voluntary guilty plea requires an independent evidentiary suggestion of guilt. Reynolds v. State, 521 So.2d 914, 917 (Miss.1988). In Corley v. State, 585 So.2d 765, 768 (Miss.1991), the prosecutor stated, “the State case would show that Corley, together with another man, White, by prearrangement met Robert Eugene Parkerson ... after a conversation between Corley and Parkerson, Corley shot Parkerson with a large caliber handgun, causing his death.” The defendant denied the shooting but admitted his presence at the scene. The supreme court found the prosecutor’s summation of the crime and the defendant’s admission of his presence at the crime scene were sufficient for the court to accept the guilty plea. Id. at 768. The prosecutor’s summation in Corley was substantially similar to that in the case sub judice. The issue is without merit.
¶ 9. Robinson also argues that counsel’s advice to plead guilty was deficient because counsel never informed him of the elements of rape. A voluntary guilty plea requires that the defendant have knowledge of the elements of the crime with which he is charged. Gilliard v. State, 462 So.2d 710, 712 (Miss.1985). At the plea hearing, Robinson told the court that counsel had explained the nature of the charges against him and that he fully understood the charges and possible defenses. Robinson now contradicts his testimony by alleging that counsel never informed him of the elements of rape.
¶ 10. This Court places great emphasis on a defendant’s testimony when entering a plea of guilty. “Solemn declarations in open court carry a strong presumption of verity.” Baker v. State, 358 So.2d 401, 403 (Miss.1978). We find that, in the face of the evidence of the plea hearing transcript, Robinson’s assertions are rendered a sham. See Ford v. State, 708 So.2d 73, 76 (¶¶ 16-17) (Miss.1998). Robinson has failed to overcome the presumption that counsel’s performance was reasonable. Taylor v. State, 682 So.2d 359, 363 (Miss.1996).

Speedy trial

¶ 11. The State asserts that Robinson’s voluntary guilty plea waived his right to raise a speedy trial violation. The State is correct. However, Robinson raises a speedy trial violation in order to establish that he received ineffective assistance of counsel. We review the argument because an ineffective assistance of counsel claim is cognizable on post-conviction relief from a voluntary guilty plea. Roland v. State, 666 So.2d 747, 749 (Miss.1995); see also Hymes v. State, 703 So.2d 258, 260-61 (¶¶ 11-14) (Miss.1997) (holding that counsel’s failure to raise a speedy trial violation *1013 is grounds for a claim of ineffective assistance of counsel).
¶ 12. To prevail on his ineffective assistance claim, Robinson must show that, but for counsel’s failure to object, there was a reasonable probability the speedy trial claim would have succeeded. McVeay v. State, 754 So.2d 486, 489 (¶ 14) (Miss.Ct.App.1999). “If counsel’s failure to move for a speedy trial discharge is the result of actual incompetence on the attorney’s part and results in prejudice to the defense, defendant is entitled to a new trial.” Id. at (¶ 11) (quoting People v. Stanley, 266 Ill.App.3d 307, 204 Ill.Dec. 605, 641 N.E.2d 1224, 1227 (1994)).
¶ 13. To address the merits of Robinson’s speedy trial claim, this Court uses the balancing test from Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). “The factors to be considered are: (1) length of delay; (2) reason for the delay; (3) whether defendant has asserted his right to a speedy trial; (4) whether the defendant was prejudiced by the delay.” Birkley v. State, 750 So.2d 1245, 1249 (¶ 11) (Miss.1999). The analysis must consider the totality of the circumstances. Id. at (¶ 12). Any delay of over eight months is presumptively prejudicial and triggers balancing of the other three factors. Once the delay is found presumptively prejudicial, “the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons.” State v. Ferguson, 576 So.2d 1252, 1254 (Miss.1991).
1.Length of delay
¶ 14. Robinson was arrested on September 15, 1997 and pled guilty on November 2, 1998. This was a delay of approximately fourteen months and is presumptively prejudicial. We must examine the other three factors.
2. Reason for delay
¶ 15. Delay caused by the defendant is not charged against the State. Perry v. State, 419 So.2d 194, 199 (Miss.1982). Robinson contends that he never requested any delay. The State has not attempted to rebut the presumption by presenting evidence justifying the delay. The lower court’s order denying post-conviction relief contains no findings as to the reason for the delay. The record contains no evidence of the reason for delay. In absence of rebuttal evidence, this factor is weighed against the State.
3. Assertion of the right to a speedy trial
¶ 16. Robinson’s assertion of the speedy trial right at this time is consistent with his claim that he received ineffective assistance because counsel failed to advise him of the right. See Arrington v. State, 815 So.2d 494, 498(¶ 9) (Miss.Ct.App.2002).
¶ 17. The Barker court identified three considerations for determining whether the accused has been prejudiced by delay: (1) preventing “oppressive pretrial incarceration;” (2) minimizing anxiety and concern of the accused; and (3) limiting the possibility that the defense will be impaired. Poole v. State, 826 So.2d 1222, 1229 (¶ 24) (Miss.2002). The record shows that Robinson was incarcerated from September 17, 1997, until his plea hearing fourteen months later. Robinson specifically contends that he suffered actual prejudice from the incarceration, which caused anxiety and prevented him from earning money to fund his defense. This factor may weigh for Robinson. See Birkley v. State, 750 So.2d 1245, 1251-53 (¶¶ 24-29) (Miss.1999).
4. Prejudice
¶ 18. The record before this Court indicates a potential speedy trial claim. What *1014 the record does not reveal is whether some or all of the delay “would not be charged against the State for some legally recognized reason.” McVeay, 754 So.2d at 490 (¶ 12). Additionally, we cannot determine with any certainty whether counsel’s alleged failure to advise Robinson about the possibility of pursuing a speedy trial claim was deficient performance that substantially prejudiced Robinson. Id. We conclude that the trial court erred in denying Robinson’s post-conviction relief motion on this issue without a hearing. We remand for an evidentiary inquiry into the circumstances under which the decision was made for Robinson to enter a guilty plea without first pursuing a speedy trial claim. Id. at (¶ 13).

Defective indictment

¶ 19. Robinson argues that the indictment was defective and that counsel was ineffective for failure to object to the defective indictment. A valid indictment must include the essential elements of the crime charged. Hennington v. State, 702 So.2d 403, 407 (¶ 14) (Miss.1997). Robinson’s indictment states that the applicable statute is Miss.Code Ann. § 97-3-65, but fails to specify the applicable subsection of § 97-3-65. Robinson’s interpretation of the indictment is that it charged him with statutory rape under § 97-3-65(l)(a) (Rev.2000). An element of statutory rape is that the victim must be between the ages of fourteen and sixteen. Robinson argues that because his victim was twenty-one years of age, he was defectively indicted under the “wrong statute.”
¶ 20. Robinson’s argument is without merit. Mississippi Code Annotated § 97-3-65 includes several rape crimes. Though the indictment fails to specify the subsection of § 97-3-65 that Robinson was charged under, the second count of the indictment describes forcible rape, which at the time of Robinson’s crime was codified at Miss.Code Ann. § 97-3-65(2).[1] Robinson’s indictment charges him with the essential elements of the crime of forcible rape. When the indictment provides the essential elements of the crime, it need not specify the statutory subsection under which the defendant was charged. Carroll v. State, 755 So.2d 483 (¶¶ 9-11) (Miss.Ct. App.1999).

Maximum sentence

¶ 21. Robinson argues that the trial court misinformed him of the maximum sentence, and that counsel was ineffective for failure to object. Robinson contends that he committed statutory rape, which carries a maximum sentence of five years. Therefore, he argues, the trial judge erroneously advised him that the maximum penalty for his rape crime was life in prison. As established above, Robinson pled guilty to forcible rape, which carries a maximum sentence of life in prison if imposed by a jury. Miss.Code Ann. § 97-3-65(3) (a Rev.2000). The trial judge correctly informed Robinson of the maximum sentence, and counsel was not ineffective for failure to object.
II. DID THE TRIAL COURT DENY ROBINSON HIS RIGHT TO COUNSEL BY REFUSING TO APPOINT DIFFERENT COUNSEL?
¶ 22. Robinson alleges that appointed counsel erroneously advised him that he would receive five years if he entered a guilty plea. Robinson alleges that he discovered counsel’s error on the day of *1015 the plea hearing, and that then he moved the court for removal of appointed counsel and appointment of different counsel. The court denied the motion. On appeal, Robinson argues that the ruling denied his Sixth Amendment right to counsel because the appointed counsel’s advice was not reasonably competent.
¶ 23. The record contains no evidence of Robinson’s motion or the court’s response. Robinson has submitted no direct evidence of what transpired between himself and counsel prior to the plea hearing. See Wilson v. State, 821 So.2d 911, 914 (¶¶ 10-11) (Miss.Ct.App.2002). A defendant’s motion to remove appointed counsel invokes the sound discretion of the trial court. Atterberry v. State, 667 So.2d 622, 630 (Miss.1995). We find that Robinson’s allegations provide no basis to conclude the trial court abused its discretion. The issue is without merit.
III. DID THE CIRCUIT COURT IMPROPERLY FAIL TO PROVIDE THE TRANSCRIPT OF THE SENTENCING HEARING?
¶ 24. Robinson complains that the lower court failed to provide a transcript of the sentencing hearing to himself and to this Court. The record shows that Robinson requested the transcript from the Supreme Court Clerk. The clerk contacted the circuit court and discovered that the sentencing hearing was never transcribed.
¶ 25. Robinson argues that the missing transcript deprives this Court of meaningful review of his claims. He has not alleged that any errors occurred at the sentencing hearing. This Court has disposed of Robinson’s arguments without need for the sentencing hearing transcript. See Wilson v. State, 577 So.2d 394, 397-98 (Miss.1991). Therefore, this issue is without merit.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF DISMISSAL OF POST-CONVICTION RELIEF IS REVERSED AND REMANDED FOR AN EVIDEN-TIARY HEARING ON THE ISSUE OF INEFFECTIVE ASSISTANCE OF COUNSEL CONCERNING ROBINSON’S CONSTITUTIONAL SPEEDY TRIAL CLAIM. COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.

. On September 15, 1997, the date that Robinson committed the crime, the applicable forcible rape statute was Miss.Code Ann. § 97-3-65(2). The statute was amended effective July 1, 1998, and now codifies forcible rape at Miss.Code Ann. § 97-3-65(3)(a) (Rev. 2000).