BARNES, J., for the Court:
 

 ¶ 1. Christopher Mason appeals the Circuit Court of Lincoln County’s dismissal of his pro se motion for post-conviction relief. Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In December 2007, a grand jury indicted Mason for possession of more than five kilograms of marijuana with intent to distribute, pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2005). The indictment related to an incident in March 2007. The State’s proffer at the plea hearing explained that a law enforcement officer had stopped Mason for careless driving on 1-55 in Lincoln County, Mississippi. The officer smelled the distinct odor of marijuana coming from the vehicle. Mason was arrested for driving with a revoked driver’s license. His vehicle was searched, and a large duffel bag containing approximately fifteen pounds of marijuana was found. The circuit court appointed counsel for Mason as he was indigent. In April 2008, Mason pleaded guilty to the charge and was sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with eight years to serve, twelve years suspended, and five years of post-release supervision.
 

 ¶ 3. In September 2008, Mason filed a motion for post-conviction relief, arguing that his counsel was ineffective. In March 2009, the circuit court entered an order nunc pro tunc, dismissing Mason’s motion for post-conviction relief, stating Mason’s
 
 *632
 
 claims were without merit.
 
 [1]
 
 Mason now appeals, arguing that his counsel was ineffective for permitting the violation of his constitutional rights to reasonable search and seizure, a speedy trial, and due process because he was not afforded a preliminary hearing. Mason also raises, for the first time on appeal, that his plea was involuntary because of his counsel’s ineffectiveness.
 

 STANDARD OF REVIEW
 

 ¶ 4. This Court will not disturb the trial court’s dismissal of a motion for post-conviction relief unless the decision is dearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). Questions of law are reviewed de novo.
 
 Id,
 

 ANALYSIS
 

 ¶ 5. In an apparent attempt to bypass his waiver of certain constitutional rights by pleading guilty, Mason claims that his counsel’s ineffectiveness caused the violation of those rights. First, we will address the validity of Mason’s guilty plea; then we will address the ineffective-assistance-of-counsel claim. Finally, we will analyze the merits of Mason’s constitutional claims.
 

 1. Guilty Plea
 

 ¶ 6. Even though Mason did not argue before the trial court that his plea was involuntary, on appeal he challenges the validity of his guilty plea through his counsel’s alleged ineffectiveness. It is well established that “[n]ew issues not presented to the trial court for resolution may not be raised for the first time on appeal.”
 
 Bates v. State,
 
 879 So.2d 519, 522 (¶ 7) (Miss.Ct.App.2004) (citing
 
 Capnord v. State,
 
 840 So.2d 826, 828 (¶5) (Miss.Ct. App.2003)). Furthermore, as will be discussed below, there is no evidence that Mason’s counsel was ineffective regarding the entry of Mason’s guilty plea. However, we will address the voluntariness of Mason’s plea, as several of Mason’s claims are barred by a valid guilty plea.
 

 ¶ 7. A guilty plea is binding-only if it is entered voluntarily and intelligently. Alexander
 
 v. State,
 
 605 So.2d 1170, 1172 (Miss.1992) (citing
 
 Myers v. State,
 
 583 So.2d 174, 177 (Miss.1991)). A plea is voluntary and intelligent if “the defendant is advised concerning the nature of the charge against him and the consequences of the plea.”
 
 Id.
 
 “Solemn declarations in open court carry a strong presumption of verity.”
 
 Baker v. State,
 
 358 So.2d 401, 403 (Miss.1978).
 

 ¶ 8. The transcript of the plea hearing shows Mason testified under oath in open court that he was guilty as charged. Mason was fully advised by the trial judge of the nature of the charge, the effect of the plea on his rights, and the possible sentence. Mason responded affirmatively when asked by the trial judge if he understood the rights he was waiving and his possible sentence. There is no evidence in the record to indicate that Mason’s plea was invalid. We conclude that Mason’s plea was voluntary and intelligent.
 

 ¶ 9. It follows that certain of Mason’s constitutional claims are waived. “[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial.”
 
 Dennis v. State,
 
 873 So.2d 1045, 1048 (¶ 9) (Miss.Ct.App.2004) (citing
 
 Anderson v. State,
 
 577 So.2d 390, 391 (Miss.1991)). The Missis
 
 *633
 
 sippi Supreme Court has “generally included in this class ‘those [rights] secured by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States,’ ” the comparable rights secured by Mississippi’s Constitution of 1890, and the constitutional and statutory right to a speedy trial.
 
 Anderson,
 
 577 So.2d at 391— 92;
 
 see also King v. State,
 
 738 So.2d 240, 241 (¶¶ 4-5) (Miss.1999) (A guilty plea waives allegations of an illegal search and seizure among other constitutional rights). Accordingly, Mason’s claims regarding the alleged violation of his constitutional rights to reasonable search and seizure, a speedy trial, and due process are waived by his valid guilty plea.
 

 2. Ineffective Assistance of Counsel
 

 ¶ 10. Mason correctly notes that a guilty plea does not waive his constitutional right to effective assistance of counsel.
 
 See Robinson v. State,
 
 920 So.2d 1009, 1012-13 (¶ 11) (Miss.Ct.App.2003) (citing
 
 Roland v. State,
 
 666 So.2d 747, 749 (Miss.1995)). Mason proceeds to argue that the alleged violation of certain constitutional rights establish that his counsel was ineffective.
 

 ¶ 11. To prove ineffective assistance of counsel, the defendant must show: (1) counsel’s performance was deficient, and (2) this deficiency prejudiced the defense.
 
 Liddell v. State,
 
 7 So.3d 217, 219 (¶ 6) (Miss.2009) (quoting
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). The
 
 Strickland
 
 test applies in the context of guilty pleas as well: if the defendant pleads guilty on the advice of his counsel, the defendant must prove that counsel committed “unprofessional errors of substantial gravity,” and without these errors he would not have pleaded guilty.
 
 Cole v. State,
 
 918 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2006) (citing
 
 Reynolds v. State,
 
 521 So.2d 914, 918 (Miss.1988)). The defendant must allege facts pointing toward counsel’s deficient performance with “specificity and detail.”
 
 Kinney v. State,
 
 737 So.2d 1038, 1041 (¶ 8) (Miss.Ct.App.1999) (citing
 
 Cole v. State,
 
 666 So.2d 767, 777 (Miss.1995)). Further, it is well established that “the trial court may dismiss a motion for post-conviction relief if the petitioner fails to submit affidavits in support of his allegations” of ineffective assistance; his own bare assertions are insufficient.
 
 Mayhan v. State,
 
 26 So.3d 1072, 1076 (¶ 10) (Miss.Ct.App.2009) (citing
 
 Hamberlin v. State,
 
 995 So.2d 142, 145-46 (¶ 11) (Miss.Ct.App.2008)).
 

 ¶ 12. During the plea hearing, Mason testified that he was satisfied with the services of his counsel: he had been with Mason at all stages of the proceeding, answered all of Mason’s questions, and explained the elements of the crime to Mason. We thus find no merit to Mason’s contention that his guilty plea was invalid because of his counsel’s ineffectiveness. Furthermore, Mason does not provide any supporting affidavits or other forms of proof for his claims — only his own statements, which are insufficient. Moreover, we agree with the trial court that there is no evidence in the record that counsel’s performance was deficient at any stage of the proceedings. Therefore, this issue lacks merit.
 

 3. Constitutional Claims
 

 ¶ 13. The trial court did not address the merits of Mason’s constitutional challenges related to his ineffective-assistance-of-counsel claim because those claims are precluded by Mason’s guilty plea, and Mason did not challenge his plea’s validity. However, because an ineffective-assistance-of-counsel claim may be asserted in post-conviction relief proceedings from a valid guilty plea and Mason raises his al
 
 *634
 
 leged constitutional violations in order to establish his counsel’s ineffectiveness, we shall briefly discuss the merits of each of his constitutional claims.
 

 ¶ 14. First, Mason claims his counsel was ineffective for failing to suppress evidence of the fifteen pounds of marijuana, which were seized from his vehicle, as the search violated his Fourth Amendment rights. The United States Supreme Court has held that the “decision to stop an automobile is reasonable [under the Fourth Amendment] where the police have probable cause to believe that a traffic violation has occurred.”
 
 Whren v. United States,
 
 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Further, the Mississippi Supreme Court has correlated “plain smell” to the plain view doctrine, holding that the sense of smell is no less trustworthy than the sense of sight.
 
 Dies v. State
 
 926 So.2d 910, 918 (¶ 23) (Miss.2006) (citing
 
 Miller v. State,
 
 373 So.2d 1004, 1006-07 (Miss.1979)). Thus, if an officer clearly smells contraband, such as marijuana, that smell can establish probable cause and the right to search the vehicle and its passengers.
 
 Id.
 
 (citing
 
 Boches v. State,
 
 506 So.2d 254, 264 (Miss.1987)).
 

 ¶ 15. Mason was initially stopped for reckless driving. The officer smelled the odor of marijuana emanating from the stopped vehicle, thereby establishing probable cause to search the vehicle. It was also discovered that Mason was driving illegally with a revoked driver’s license; therefore, Mason was placed under arrest. Accordingly, there was no unreasonable search and seizure.
 

 ¶ 16. Second, Mason also claims that he was denied the right to a speedy trial because of his counsel’s deficient performance. He notes 395 days passed between his arrest and the entry of his guilty plea. Mason did not raise the statutory right to a speedy trial — only a constitutional challenge — in his motion for post-conviction relief, but the trial court “liberally construed” Mason’s argument to mean a statutory violation, and found it without merit. On appeal, Mason contends the trial court misconstrued his argument and that he had raised a constitutional challenge; accordingly, we shall address both.
 

 ¶ 17. We agree with the trial court that there was no statutory speedy-trial violation. This right is guaranteed by Mississippi Code Annotated section 99-17-1 (Rev.2007), which provides that unless good cause is shown, all cases shall be tried within 270 days of arraignment. Mason executed a “Waiver of Arraignment” on January 3, 2008, thus triggering his statutory right to a speedy trial, but he then entered a plea of guilty on April 1, 2008. Thus, there was no violation of the statutory right to a speedy trial.
 

 ¶ 18. Alternatively, the constitutional right to a speedy trial attaches at the time the individual is accused.
 
 Stark v. State,
 
 911 So.2d 447, 450 (¶ 7) (Miss.2005) (citing
 
 Hersick v. State,
 
 904 So.2d 116, 121 (¶ 5) (Miss.2004)). The balancing test of
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) is used to address the merits of constitutional speedy trial claims. Factors the trial court considers are: “(1) length of delay; (2) reason for the delay; (3) the defendant’s assertion of his right; (4) prejudice to the defendant.”
 
 Id.
 
 (citing
 
 Barker,
 
 407 U.S. at 530-32, 92 S.Ct. 2182).
 

 ¶ 19. Mason was arrested on March 2, 2007, indicted on December 4, 2007, and pleaded guilty on April 1, 2008, constituting a delay of over eight months. Any delay over eight months is considered presumptively prejudicial, initiating a full
 
 Barker
 
 analysis.
 
 Stark,
 
 911 So.2d at 450 (¶ 7) (citing
 
 Smith v. State,
 
 550 So.2d 406, 408 (Miss.1989)). However, we find the
 
 *635
 
 remaining
 
 Barker
 
 factors without merit and thus decline to discuss them in detail. Mason did not assert the right, making it difficult to prove his claim.
 
 See State v. Woodall,
 
 801 So.2d 678, 684 (¶ 22) (Miss.2001). Additionally, the record is silent on the matter. Finally, we find no prejudice to Mason as he was only incarcerated for fifteen days after his arrest, and then he was out of jail on bond until he pleaded guilty in April 2008. His counsel was not ineffective for failing to pursue dismissal on this ground.
 

 ¶ 20. Finally, Mason argues that the trial court illegally bound his case over to the grand jury without a preliminary hearing to establish probable cause, violating his constitutional right to due process under the Fourteenth Amendment. We find this argument without merit. The record does not indicate whether there was a preliminary hearing or if Mason waived this right. Uniform Rule of Circuit and County Court 6.05 provides that if the defendant has posted bond and is released from custody, or has been indicted by a grand jury, he is not entitled to an initial appearance. Additionally, if a defendant has been indicted by a grand jury, he is not entitled to a preliminary hearing. URCCC 6.05. Mason posted bond and was indicted by a grand jury; thus, he was not entitled to a preliminary hearing.
 

 ¶ 21. We conclude that Mason’s counsel was not ineffective for failing to raise these constitutional claims.
 

 CONCLUSION
 

 ¶ 22. Mason entered a valid guilty plea. There is no evidence in the record that Mason’s counsel was ineffective, nor does Mason present any evidence to support these contentions beyond his own allegations. Finally, there is no merit to Mason’s alleged constitutional violations. Therefore, the trial court did not err in dismissing Mason’s motion for post-conviction relief.
 

 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . The circuit court had originally prepared an order in January 2009 dismissing Mason’s motion, but due to a clerical error, it had been misplaced and never entered on the court's docket. Therefore, the current order was effective nunc pro tunc to January 30, 2009.