# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02007-COA

**MARVIN KYLES A/K/A MARVIN D. KYLES**            **APPELLANT**
**A/K/A MARVIN DALE KYLES**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**


| | |
|---|---|
| DATE OF JUDGMENT: | 09/09/2013 |
| TRIAL JUDGE: | HON. LEE SORRELS COLEMAN |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN W. MARTIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | PETITION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED – 01/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

### FACTS

¶1. On August 13, 2012, Marvin D. Kyles was indicted for possession of marijuana and aggravated assault on a law enforcement officer. On November 30, 2012, Kyles pled guilty to aggravated assault on a law enforcement officer. As part of Kyles's plea agreement, the State dismissed count one, possession of marijuana. The trial court sentenced Kyles to ten years in the custody of the Mississippi Department of Corrections (MDOC), to be followed by five years of postrelease supervision.

¶2. On May 3, 2013, Kyles filed a petition to vacate his conviction, which the trial court treated as a postconviction-relief (PCR) petition. Kyles argued that his counsel was ineffective because his attorney failed to advise him of the violation of his constitutional right to a speedy trial before he entered a guilty plea to the charge. Specifically, Kyles argued that he had a meritorious challenge to the indictment because over 295 days had passed from the time of his arrest to the date of his plea, and his attorney had failed to advise him of this claim prior to his decision to enter a plea of guilty. On September 9, 2013, the trial court dismissed Kyles's petition on the merits, without an evidentiary hearing. On appeal, Kyles argues that his trial counsel was ineffective because his attorney failed to pursue a speedy-trial claim prior to his plea of guilty.

## STANDARD OF REVIEW

¶3. "When reviewing a trial court's denial or dismissal of a PCR petition, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013)

## DISCUSSION

¶4. Kyles argues that his trial counsel was ineffective because she failed to inform him of a possibly meritorious claim based upon a speedy-trial violation. He contends that had counsel advised him of this claim, there would not have been a plea of guilty or a waiver of the right to a speedy trial. Ineffective-assistance claims are governed by *Strickland v.*

2

*Washington*, 466 U.S. 668, 687 (1984). "First, the convicted defendant must show that counsel's representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006) (citing *Strickland*, 466 U.S. at 687-88, 694). Kyles must allege both prongs with specific detail. *McCray v. State*, 107 So. 3d 1042, 1045 (¶9) (Miss. Ct. App. 2012).

### *Guilty Plea and Waiver of Right to Speedy Trial*

¶5. It is well established that where a defendant voluntarily pleads guilty to an offense, he waives nonjurisdictional rights incident to trial, including the constitutional right to a speedy trial. *Anderson v. State*, 577 So. 2d 390, 391-92 (Miss. 1991). Moreover, a guilty plea is binding where it is entered voluntarily, knowingly, and intelligently. *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992). An attorney's ineffective assistance, however, may render a guilty plea involuntary. *Mason v. State*, 42 So. 3d 629, 633 (¶¶9-12) (Miss. Ct. App. 2010). But great weight is placed on the defendant's initial plea under oath. *Templeton v. State*, 725 So. 2d 764, 767-68 (¶10) (Miss. 1998).

¶6. The record before the Court shows that, without the plea agreement, Kyles faced thirty years in MDOC custody and a fine of $5,000. The State offered Kyles ten years in MDOC custody, five years of postrelease supervision, and a fine and court costs. The court accepted the recommendation of the State but reduced the fine to $2,400. The charge of marijuana

was remanded to the files.  During Kyles's plea hearing, the court specifically asked him

questions to make sure that his plea was knowingly, voluntarily, and intelligently made:

> THE COURT: Before I can accept your plea, the law requires that I ask you some questions to make sure that your plea of guilty is knowingly, voluntarily, and freely made.  Do you understand that?
>
> KYLES: Yes, sir.
>
> . . . .
>
> THE COURT: When you enter a plea of guilty, you're giving up the [c]onstitutional right to a jury trial.  Do you understand that?
>
> KYLES: Yes, sir.
>
> THE COURT: You further give up your right to a speedy trial and the right to be present at said trial.
>
> KYLES: Yes, sir.
>
> THE COURT: Do you understand that?
>
> KYLES: Yes, sir.
>
> THE COURT: There is a petition to enter a plea of guilty in this case.  Your attorney, Ms. Donna Smith, helped you fill that out, did she not?
>
> KYLES: Yes, sir.
>
> THE COURT: Did Ms. Smith go over this petition with you and explain everything therein to you?
>
> KYLES: Yes, sir.
>
> THE COURT: Are you satisfied with the services of your attorney?
>
> KYLES: Yes, sir.

4

THE COURT: Do you have any question about anything in the petition you want to ask me about?

KYLES: No, sir.

. . . .

THE COURT: Can you read, write, and understand the English language?

KYLES: Yes, sir.

. . . .

THE COURT: Ms. Smith, did you advise the defendant of his [c]onstitutional rights?

COUNSEL: I did, your honor.

THE COURT: And that his plea of guilty waived those rights?

COUNSEL: I did, your honor.

After waiving these rights, Kyles maintained that he wished to plead guilty.

¶7.     We have explained that in assessing the voluntariness of a guilty plea:

> [T]he thoroughness with which [the defendant] was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instructions [the defendant] may have been given by his attorney, the lower court's questioning and explanations to [him] of his rights and of the consequences of his plea were sufficient to render the plea voluntary.

*Hill v. State*, 60 So. 3d 824, 828 (¶12) (Miss. Ct. App. 2011) (quoting *Gardner v. State*, 531 So. 2d 805, 809-10 (Miss. 1988)).  Furthermore, we have held that "solemn declarations in open court carry a strong presumption of verity." *Id.* (quoting *Baker v. State*, 358 So. 2d 401, 403 (Miss. 1978)).  It appears from the record that Kyles's plea of guilty was entered

knowingly, voluntarily, freely, and intelligently, and he specifically waived his right to a speedy trial under oath.

### *Balancing Test for Delay*

¶8.     Kyles, nevertheless, claims that his attorney's failure to pursue a speedy-trial claim rendered his guilty plea involuntary.  To prevail on his ineffective-assistance claim, Kyles must show that there was a reasonable probability the speedy-trial claim would have succeeded.  *McVeay v. State*, 754 So. 2d 486, 489 (¶14) (Miss. Ct. App. 1999).  To address the merits of a speedy-trial claim, this Court uses the balancing test announced in *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  The factors to be considered are: "(1) length of delay; (2) reason for delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." *Id.*

¶9.     Kyles states that over 295 days had passed from the time of his arrest to the date of his plea. The constitutional right to a speedy trial attaches at the time the individual is accused.  *Stark v. State*, 911 So. 2d 447, 450 (¶7) (Miss. 2005).  The rule in Mississippi is that a delay of more than eight months (240 days) from arrest to trial is presumptively prejudicial under constitutional considerations.  *McVeay*, 754 So. 2d at 489 (¶12). Accordingly, we must conclude that the delay in bringing Kyles to trial was, on its face, presumptively violative of his Sixth Amendment right to a speedy trial.

¶10.    Kyles, however, makes no attempt to discuss any of the other issues announced in *Barker*.  Our Court has found that the defendant has a duty to provide "more than conclusory

6

allegations on a claim of ineffective assistance of counsel." *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005). Bare allegations are insufficient to prove ineffective assistance of counsel. *Mayhan v. State*, 26 So. 3d 1072, 1076 (¶10) (Miss. Ct. App. 2009). Kyles's petition made bare assertions of ineffective assistance of counsel without supplying the Court with any supporting documents. We conclude that Kyles has not made the required showing that his attorney's conduct rendered his guilty plea involuntary. We therefore affirm the trial's court judgment dismissing the petition without an evidentiary hearing.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DISMISSING THE PETITION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR.**