**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2000-KA-01789-SCT**

*JUSTIN STARK a/k/a JUSTIN ALLEN STARK*

**v.**

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/31/2000 |
| TRIAL JUDGE: | HON. T. LARRY WILSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | H. BERNARD GAUTIER |
| | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. DANIEL HINCHCLIFF |
| DISTRICT ATTORNEY: | ANTHONY LAWRENCE, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/28/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal of an aggravated assault conviction. The appellant says he was denied his constitutional and statutory rights to a speedy trial. Finding no reversible error in the record, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On February 21, 1998, Justin Allen Stark and Robert Preston Cooper attended a party at the home of Aaron Missy. Intoxicated, Cooper passed out on Missy's living room couch and then urinated on the floor. Upon learning of this, Missy punched Cooper, knocking him to the

floor. Stark then stomped on Cooper's head several times with force sufficient to render Cooper unconscious and permanently brain damaged.

¶3. Stark was arrested and charged with aggravated assault,[1] for which he was indicted by the Jackson County, Mississippi, Grand Jury on July 7, 1998, under file number 98-10,345 (the "345 Indictment"). However, on May 7, 1999, Stark was re-indicted under cause number 99-10,320 (the "320 Indictment") for the same incident, but with two changes in the language of the indictment.[2]

¶4. On November 8, 1999, the case proceeded to trial on the 320 Indictment. The jury found Stark guilty, and he was sentenced to fifteen years in the custody of the Mississippi Department of Corrections with three years suspended and twelve years to serve.[3] Stark's motion for JNOV or in the alternative for a new trial, was denied.

¶5. Stark now appeals, claiming that his constitutional and statutory rights to a speedy trial were violated.

## ANALYSIS

### I. The Constitutional Claim

---

[1]The date of Stark's arrest is not evident in the record. February 22, 1998, is the date on which Stark claims he was arrested.

[2]Specifically, the 345 Indictment stated, in pertinent part, that Stark "unlawfully, feloniously, willfully, purposely **and** recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Preston Cooper III."
The 320 indictment charged that Stark "purposely, knowingly, **or** recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious bodily injury to Preston Cooper III."

[3]Interestingly, the Notice of Criminal Disposition filed with the Mississippi Department of Corrections incorrectly indicates that Stark pled guilty and further indicates that Stark is entitled to no credit for the year and a half he claims he had already served as of the trial date.

2

¶6.     The Sixth[4] and Fourteenth[5] Amendments to the United States Constitution, along with Article 3, Section 26 of the Mississippi Constitution,[6] guarantee a defendant the right to a speedy trial. *Young v. State*, 891 So. 2d 813, 816 (Miss. 2005); *Hersick v. State*, 2004 WL 2535397 *1 (Miss. 2004).   There is no set amount of time within which a defendant must be brought to trial.   Rather, the United States Supreme Court has developed a balancing test to determine whether a defendant's constitutional rights to a speedy trial have been violated. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).   This Court has consistently applied the *Barker* test in cases involving constitutional speedy trial analysis. *Price v. State*, 898 So. 2d 641, 647-48 (Miss. 2005); *Young*, 891 So. 2d at 816; *Hersick*, 2004 WL 2535397 *1.

¶7.     The *Barker* test consists of four factors – (1) length of delay, (2) reason for delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant – which must be considered together and balanced.   407 U.S. at 530-32, 92 S.Ct.at2192-93. *See Taylor v. State*, 672 So. 2d 1246, 1258 (Miss. 1996).   The *Barker* analysis is triggered when there is a presumptively prejudicial delay. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192.   This Court has held that any delay exceeding eight months is presumptively prejudicial. *Smith v. State*, 550

---

[4]The Sixth Amendment provides that "the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI.

[5]The Fourteenth Amendment guarantees that a state shall not "deprive any person of life, liberty or property, without due process of law; . . ." U.S. Const. Amend. XIV, § 1.  See *Skaggs v. State*, 676 So. 2d 897, 900 (Miss. 1996) (Fourteenth Amendment guarantees speedy trial).

[6]Article 3, Section 26 provides that "the accused shall have a right to . . . a speedy and public trial . . . ." Miss. Const. Art. 3, § 26.

So. 2d 406, 408 (Miss. 1989). The calculation of the time elapsed begins with the defendant's arrest, indictment, or information. *Smith*, 550 So. 2d at 408. "In short the constitutional right to a speedy trial attaches when a person has been accused." *Hersick*, 2004 WL 2535397 *1 (citing *Smith*, 550 So. 2d at 408).

¶8. Except for statements by counsel, the record is silent as to when Stark was arrested. Stark's counsel claims Stark's arrest took place on February 22, 1998, and that he remained incarcerated for the year and a half until trial. The State does not contest this assertion, and we shall therefore calculate the time from February 22, 1998.

¶9. Stark's trial began on November 8, 1999, resulting in a delay to trial of 624 days, or 20 ½ months. Since this exceeds eight months, it is presumptively prejudicial, requiring an analysis of the *Barker* factors.

### 1. The Length of Delay

¶10. Although Stark's appeal is from his conviction of the charges brought under the 320 Indictment, we must give Stark the benefit of calculating the speedy trial delay beginning with his arrest which led to the 345 Indictment, since the 320 Indictment was a rewording of the 345 Indictment and was for the same incident. As stated *supra*, the period between Stark's arrest and the trial was 624 days, or 20 ½ months. Therefore, the delay is presumptively prejudicial and requires the application of the remaining *Barker* factors.

### 2. The Reason for Delay

¶11. Once a delay is found to be presumptively prejudicial, the burden of proof shifts to the State to show cause for the delay. *Price*, 898 So. 2d at 647 (citing *State v. Ferguson*, 576 So. 2d 1252, 1254 (Miss. 1991)). The Court must determine whether the delay should be charged

4

to the State or the defendant. ***Brengettcy v. State***, 794 So. 2d 987, 993 (Miss. 2001). This

Court has previously held:

> The burden is on the State to provide a defendant with a speedy trial. Therefore,
> the State bears the concomitant burden of showing that either the delay was
> caused by the defendant or that the delay was for a good cause. Where the State
> is unable to do either, this factor must be weighed against the State.

***Hersick***, 2004 WL 2535397 *1 (*citing* ***Wiley v. State***, 582 So. 2d 1008, 1012 (Miss. 1991);

***Smith***, 550 So. 2d at 409). Practical application of the holdings in ***Hersick***, ***Smith*** and ***Wiley***

requires a subtraction of the amount of delay attributed to the defendant and "good cause" from

the total period of delay. This Court has held that "good cause" is a factual finding which is not

different from any other finding of fact on appeal. Such findings should be left undisturbed

when based upon "substantial credible evidence" identified in the record. ***McGhee v. State***, 657

So. 2d 799, 803 (Miss. 1995) (*citing* ***McNeal v. State***, 617 So. 2d 999, 1007 (Miss. 1993);

***Folk v State***, 576 So. 2d 1243, 1247 (Miss. 1991)).

¶12. This Court has validated consideration of oral agreements for continuances in ***McGhee***

***v. State***, 657 So. 2d at 805; ***Carson v. State***, 607 So. 2d 1132, 1134 (Miss. 1992); and ***Arnett***

***v. State***, 532 So.2d 1003, 1011 (Miss. 1988).[7]

*Fred Lusk Testimony*

¶13. On August 16, 1999, the trial court conducted a hearing on Stark's motion to dismiss

an unrelated indictment for failure to provide him with a speedy trial.[8] Fred Lusk, Stark's

---

[7]However, this Court has stressed its preference for documentation over oral negotiations. See
***Taylor***, 672 So. 2d at1259.

[8]This unrelated indictment is discussed infra.

attorney, testified about numerous conversations he had with the prosecution that addressed both the unrelated indictment and the two indictments in the case sub judice. The trial settings, the agreements between Lusk and the prosecution, and the continuances granted on all of these indictments were so commingled that the trial court ordered the transcript of this hearing included in the record in the case sub judice. The trial court stated that this testimony "went to all of the cases."

¶14. During the hearing on Stark's motion to dismiss, Lusk provided a detailed account of his representation of Stark, including his efforts to obtain a favorable plea agreement. Lusk testified that he agreed to numerous continuances because indictments were pending on two different crimes, one of which he considered very serious.

¶15. At the conclusion of the hearing, the trial court made findings regarding the reasons for the various continuances.

*Reasons for delay*

¶16. Stark was arraigned on the 345 Indictment on September 10, 1998, and trial was set for November 23, 1998. The trial court found that Lusk agreed to continue the November 23 trial setting to January 25, 1999. Thus, this 63-day delay was attributed by the trial court to Stark.

¶17. The trial court next found that the January 25, 1999, trial setting was continued to March 3, 1999, because "the Court was not available and . . . Mr. Lusk agreed to a continuance." Thus, this 37-day delay was attributed to Stark and was for good cause.

¶18. The trial court next found that the March 3, 1999, trial setting was continued to April 20, 1999, by Lusk's agreement, and thus this 48-day delay is attributed to Stark.

¶19. The trial court next found that the April 20, 1999, trial setting was continued to August 23, 1999, because the prosecutor was in trial before the trial judge. Thus, this 125-day delay was attributed to good cause.

¶20. During the hearing, Stark's new counsel moved for a continuance of the August 23, 1999, trial setting, and the matter was reset to October 4, 1999, the first day of the October term. Thus, Stark is charged with this 42-day delay. We are given no explanation for the delay from October 4, 1999, to the beginning of trial.

¶21. We cannot say the trial judge abused his discretion in the findings discussed above. To the contrary, we find the trial court carefully and patiently examined the testimony and other evidence and provided Stark with ample opportunity to provide evidence that the delay was not attributable to him or good cause. According to Stark's counsel, the record in this case was "saturated" with "confusion." The trial judge's thorough analysis must be commended.

¶22. The trial court found a total of 315 days attributable to Stark and/or good cause. Subtracting these days from the 624 days from arrest to trial, we find the State is charged with 309 days of delay. This ten-month delay exceeds by two months the eight-month threshold for presumptive prejudice.

¶23. Without more, this factor would weigh in favor of Stark. However, the record reflects that during the initial delay from Stark's arrest on February 22, 1998, until his arraignment on the 345 Indictment in September, Lusk was battling another indictment for an unrelated charge of aggravated assault returned by the Jackson County Grand Jury against Stark in July 1997. Finding himself representing a client under two indictments for two separate incidents, Lusk persistently attempted to obtain a favorable plea agreement for Stark. Lusk juggled the two

7

indictments, arraignments, and trial settings with procedural legerdemain, only to hear through the grapevine that he had been replaced by new counsel. Lusk testified that, in his conversations with the prosecutor's office, he was substantially more concerned about the indictment concerning the assault on Cooper, rather than the prior indictment. Thus, the thrust of Lusk's efforts was to gain some advantage for Stark with respect to the indictment in the case sub judice.

¶24. At the hearing on Stark's motion to dismiss the unrelated indictment, the trial court found good cause for continuance of an April 23, 1998, trial setting on that charge. The case was reset to July 20, 1998. While this was not a continuance of a trial setting on the 345 or 320 Indictments, Lusk's purpose in obtaining the continuance was to negotiate all charges against Stark. Thus, we find good cause for the delay of those 88 days.

¶25. Based on all of the above, we find this factor (reasons for the delay) to be neutral.

### 3. The Defendant's assertion of his right

¶26. Stark filed motions to dismiss for failure to provide a speedy trial. However, he never requested nor moved for a speedy trial. While it is the State's burden to bring an accused to trial, we have held that a defendant's failure to assert his right to a speedy trial must be weighed against him. *State v. Woodall*, 801 So. 2d 678, 684 (Miss. 2001) (citing *Watts v. State*, 733 So. 2d 214, 236 (Miss. 1999); *Stogner v. State*, 627 So. 2d 815, 819 (Miss. 1993)). We have also noted that the *Barker* Court emphasized that "failure to assert that right will make it difficult for a defendant to prove that he was denied a speedy trial." *Woodall*, 801 So. 2d at 684 (quoting *Barker*, 407 U.S. at 531-32)).

¶27. This Court has previously held that "a demand for dismissal for violation of the right to speedy trial is not the equivalent of a demand for speedy trial. Such a motion seeks discharge not trial." *Perry v. State,* 637 So. 2d 871, 875 (Miss. 1994) (citing *Adams v. State*, 583 So. 2d 165 (Miss. 1991)). As Stark concedes, this factor must weigh in favor of the State.

### *4. The Prejudice to the Defendant*

¶28. The United States Supreme Court has identified three interests to be considered when analyzing whether a defendant has been prejudiced by the delay in bringing the case to trial. These interests are (1) to prevent oppressive pretrial incarceration, (2) to minimize anxiety and concern of the accused, and (3) to limit the possibility that the defense will be impaired. The last interest is the most important and, if violated, is the most prejudicial to the defendant. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193.

¶29. The first interest – preventing oppressive pretrial incarceration – is related to the first two *Barker* factors, but applies only where the defendant is incarcerated during the delay. According to Stark's counsel, Stark was incarcerated during the entire period of delay. Thus, this factor weighs against the State.

¶30. The second interest, minimizing anxiety and concern of the accused, does not weigh in favor of either Stark or the State. Stark cites no facts to support any claim of over-burdensome anxiety or concern while incarcerated. The State made no showing that Stark's incarceration was free of anxiety or concern. Therefore, this factor is neutral.

¶31. The third and most important of the interests to be considered under this prong of the *Barker* test is the possibility that the defense will be impaired by the delay of the proceedings.

Stark alleges that his incarceration prevented him from investigating the incident and looking for and interviewing witnesses. However, Stark fails to suggest any evidence, potential witness, or case theory which escaped his reach because of the delay. We find no basis to hold that the delay in the proceedings impaired Stark's defense of the case.

¶32. After viewing together and evaluating all factors of the **Barker** analysis, we conclude that Stark's constitutional rights to a speedy trial were not violated.

### II. Statutory Claim

¶33. The right to a speedy trial is not only guaranteed by the United States and Mississippi Constitutions, but also by statute. Although rights guaranteed by the constitution may never be diminished by statute, they can be expanded. Miss. Code Ann. § 99-17-1 (Rev. 2000), also known as the "270 day rule," provides as follows: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been *arraigned*." (emphasis added).

¶34. Since the statutory speedy trial clock begins to tick at a different time from its constitutional counterparts, we are required to apply a different analysis.

¶35. Stark was first arraigned on September 10, 1998, under the 345 indictment. His trial began 393 days later, on November 8, 1999. Since this period exceeds 270 days, we must determine whether any portion of the delay can be attributed to "good cause," with a "continuance duly granted."

¶36. As discussed *supra*, good cause was shown for the continuances of the November 23, 1998, January 25, 1999, March 3, 1999, April 20, 1999, and August 23, 1999, trial settings.

10

These continuances for good cause cover a period of 350 days which, when subtracted from the total delay of 393 days, results in a delay counted against the State of 43 days. Accordingly, Stark was tried within the 270-day statutory limit.

## CONCLUSION

¶37.    Having found no violation of Stark's constitutional or statutory rights to a speedy trial, we affirm the judgment of the Circuit Court of Jackson County.

¶38.    **CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS, THREE (3) YEARS SUSPENDED AND TWELVE (12) YEARS TO SERVE, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**