# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00850-COA

JUSTIN SPRINGER A/K/A JUSTIN DONTE                    APPELLANT
SPRINGER A/K/A JUSTIN D. SPRINGER

v.

STATE OF MISSISSIPPI                                                      APPELLEE

DATE OF JUDGMENT:              05/22/2014
TRIAL JUDGE:                           HON. JAMES LAMAR ROBERTS JR.
COURT FROM WHICH APPEALED:   LEE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WILLIAM C. BRISTOW
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                      BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      MOTION FOR POST-CONVICTION RELIEF
                                      DENIED
DISPOSITION:                   AFFIRMED: 11/17/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Justin Springer was convicted of capital murder on May 6, 2011. *Springer v. State*, 89 So. 3d 567, 568 (¶1) (Miss. 2012). He was sentenced to life in the custody of the Mississippi Department of Corrections, without the possibility of parole. *Id*. On appeal, Springer argued that the verdict was contrary to the overwhelming weight of the evidence. *Id*. The supreme court affirmed his conviction. *Id*.

¶2.     Following his appeal, Springer filed an application for leave to proceed in the trial court to file a motion for post-conviction relief. The supreme court granted Springer's

request only as to his allegations of the unconstitutional denial of a speedy trial and directed the trial court to hold a hearing to determine whether Springer's trial counsel was ineffective for not filing a motion for a speedy trial, and whether his appellate counsel was ineffective for not raising his trial counsel's ineffectiveness on appeal.

¶3. Both Springer and his trial counsel testified at the hearing. After applying the *Barker* factors,[1] the court found that Springer's statutory and constitutional rights to a speedy trial were not violated and that he was not denied effective assistance of counsel. Springer appealed.

## STANDARD OF REVIEW

¶4. When reviewing the denial of a PCR motion, an appellate court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Callins v. State*, 975 So. 2d 219, 222 (¶8) (Miss. 2008).

## DISCUSSION

¶5. Springer claims that his trial counsel was ineffective because she did not file a motion for a speedy trial. He additionally argues that his appellate counsel was ineffective for failing to raise his trial counsel's ineffectiveness on appeal.

¶6. "The standard for considering ineffective assistance of counsel is the same for appellate performance as it is for trial performance." *Foster v. State*, 687 So. 2d 1124, 1138 (Miss. 1996). To succeed on a claim of ineffective assistance of counsel, Springer must

---

[1] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

show "that his counsel's performance was deficient and that the deficiency prejudiced [his] defense." *Burns v. State*, 813 So. 2d 668, 673 (¶14) (Miss. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, for Springer to prevail in his ineffective assistance claim, "he must demonstrate that, but for his counsel's errors, his speedy trial claim would have succeeded." *Oliver v. State*, 20 So. 3d 16, 22 (¶14) (Miss. Ct. App. 2009).

¶7. The United States Constitution and the Mississippi Constitution afford a defendant the right to a speedy trial. The Sixth Amendment to the United States Constitution states, in relevant part, that "the accused shall enjoy the right to a speedy and public trial." Article 3, Section 26 of the Mississippi Constitution likewise states, in part, that "the accused shall have a right to . . . a speedy and public trial." The constitutional right to a speedy trial attaches at the time of arrest, indictment, or information, when a person has been accused. *McBride v. State*, 61 So. 3d 174, 179 (¶11) (Miss. Ct. App. 2010).

¶8. Mississippi Code Annotated section 99-17-1 (Rev. 2015) creates a statutory right to a speedy trial: "Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." Review of a speedy trial claim encompasses the fact question of whether the trial delay rose from good cause.

> Under this [c]ourt's standard of review, this [c]ourt will uphold a decision based on substantial, credible evidence. If no probative evidence supports the trial court's finding of good cause, this [c]ourt will ordinarily reverse. The [S]tate bears the burden of proving good cause for a speedy trial delay, and thus bears the risk of non-persuasion.

*DeLoach v. State*, 722 So. 2d 512, 516 (¶12) (Miss. 1998) (internal citations omitted).

¶9.     In *Barker*, the United States Supreme Court provided a four-factor balancing test to be used when determining whether a defendant's right to speedy trial has been violated.  The factors are as follows: (1) "[l]ength of delay,"  (2) "the reason for the delay," (3) "the defendant's assertion of his or her right," and (4) "prejudice to the defendant."  *Barker*, 407 U.S. at 530.  The court must consider the totality of the circumstances on a case-by-case basis.  *Boone v. State*, 964 So. 2d 512, 519 (¶¶12-13) (Miss. Ct. App. 2006).  "Any delay of over eight months is presumptively prejudicial and triggers balancing of the other three factors."  *Robinson v. State*, 920 So. 2d 1009, 1013 (¶13) (Miss. Ct. App. 2003).

### 1.  Length of Delay

¶10.    Springer's right to a speedy trial attached on June 10, 2008, after he was arrested.  His trial did not begin until May 3, 2011 – 1,057 days later.  Thus, prejudice is presumed and we must look to the other factors.

### 2.  Reason for Delay

¶11.    "Once there is a finding that the delay is presumptively prejudicial, the burden shifts to the prosecution to produce evidence justifying the delay and to persuade the trier of fact of the legitimacy of these reasons."  *DeLoach*, 722 So. 2d at 517 (¶17).  Springer was first indicted for capital murder on February 3, 2009, but the charge was dropped due to "an error in the charging document."  Springer was indicted again on April 6, 2009.   At the time of the arraignment on April 30, 2009, the State sought the death penalty.  The record shows that,

4

after negotiations between Springer's counsel and the State, the State decided not to pursue the death penalty. The record also shows that Springer's counsel asked for a number of continuances "to investigate the case, evaluate the evidence, [and] prepare legal defenses," which accounted for the delay between his arraignment and trial. The State filed no motions for continuance. So the State is only responsible for the delay between Springer's arrest date, June 10, 2008, and his arraignment, April 30, 2009 (322 days). Because the record shows no good cause for the delay, this factor weighs against the State.

### 3. Assertion of Right to Speedy Trial

¶12. The third factor concerns Springer's assertion of his right to a speedy trial. At no time between his June 10, 2008 arrest and his May 3, 2011 trial did he assert his right to a speedy trial. In fact, the record shows he made no assertion of his right to a speedy trial until he filed his application to proceed in the trial court on his PCR motion. In support of his argument, Springer must produce "more than a bare, unsubstantiated, thoroughly self-serving" statement. *See Howard v. State*, 171 So. 3d 566, 573 (¶32) (Miss. Ct. App. 2015). He does not. Springer merely testified that he told his trial counsel he wanted a jury trial if he could not receive the same plea offer as his codefendant (who pled guilty to manslaughter and burglary). *See Springer*, 89 So. 3d at 571 (¶19). Springer's counsel testified that she did not remember him making such a request. She did, however, recall discussing several plea offers with him.

¶13. The record further shows that when trial counsel moved for continuances on

Springer's case (she could not remember the exact number), she would advise him on exactly what was happening. And she did not remember Springer objecting to any of the continuances. For these reasons, we find this factor weighs against Springer.

### 4. Prejudice to Defendant

¶14. The fourth factor considers prejudice suffered by the defendant. "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three such interests: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id*.

¶15. Springer claims that he suffered pretrial anxiety during his incarceration. He testified at the hearing that he was "upset" and "worried" because he "was steady fighting and going to the hole." Our supreme court has held that "anxiety alone does not amount to prejudice worthy of reversal." *Duplantis v. State*, 708 So. 2d 1327, 1336 (¶25) (Miss. 1998). And Mississippi "does not recognize the negative emotional, social, and economic impacts that accompany incarceration as prejudice." *Johnson v. State*, 68 So. 3d 1239, 1245 (¶17) (Miss. 2011) (citations omitted). "[F]or this prong to favor any defendant, evidence of legitimate anxiety and concern (medical records, documentation from the jail, etc.) must exist." *Id*. Springer provides absolutely no evidence to support his anxiety claim.

¶16. Springer also fails to show how the delay impacted the third and most important

interest. *See Barker*, 407 U.S. at 532. "Generally, proof of prejudice entails the loss of evidence, death of witnesses, or staleness of an investigation." *Sharp v. State*, 786 So. 2d 372, 381 (¶19) (Miss. 2001). Springer claims that his defense was impaired, since an eyewitness to the crime passed away of natural causes before his trial. Before she died, the eyewitness gave a statement to the police department, which was recorded and played at Springer's trial. She stated that she believed the two assailants wore white masks and both had firearms. Contrary to her statement, the police recovered one black mask and one navy mask in connection with the crime. And Springer's codefendant testified that Springer was the only one with a weapon. *See Springer*, 89 So. 3d at 571 (¶20).

¶17. Springer argues that he was prejudiced because his trial counsel was unable to further develop the eyewitness identification testimony, but he fails to provide any other facts or evidence that the witness could have relayed had she been available at trial. Further, the jury was able to make a factual determination after hearing both forms of identification evidence. So Springer has failed to show any actual prejudice from the eyewitness's unavailability. As a result, we find this factor also weighs against Springer.

## CONCLUSION

¶18. Based on our analysis under the *Barker* factors on the facts of this case, we find Springer was not denied the right to a speedy trial. Further, it is clear from the record that Springer's counsel zealously represented Springer, filing at least forty separate motions on his behalf (which contributed to the delay and helped remove the death-penalty charge).

7

Thus, Springer's ineffective-assistance-of-counsel claim is without merit. We affirm

Springer's conviction and sentence.

¶19.   **THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR.**